IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTINA INFANTE, ET AL., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:23-CV-174 |
| § | | |
| TEXAS DEPARTMENT § | | |
| OF PUBLIC SAFETY, ET AL., § | | |
| Defendants. § | | |

**DEFENDANT STEVEN McCRAW's REQUEST FOR ENTRY OF JUDGMENT**

Defendant Steven McCraw respectfully requests, pursuant to Rule 58(d), that this Court enter final judgment in this matter. In doing so, Defendant urges the Court to exercise its discretion to dismiss all remaining claims for want of prosecution.

On December 27, 2023, this Court dismissed all claims against all defendants save for Plaintiffs' claims against "John Doe."[1] This "Doe" defendant is described by Plaintiffs as an agent of the Texas Department of Public Safety-Criminal Investigations Division.[2] Plaintiffs, and in turn this Court, have referred to "John Doe" as a "sealed" party or defendant.[3] "John Doe," however, has never been identified in this Court or the state court in which this lawsuit originated. The identity of this party is not under any seal, nor does the record reflect that this party ever been served in this matter.

Even if Plaintiffs were to now identify and serve "John Doe," any effort to proceed against

---

[1]   Doc. 36.

[2]   Doc. 12 at 5.

[3]   See Id. and Doc. 36 at 3, 8, 9.

this party would be barred by the applicable statute of limitations. The statute of limitations in a § 1983 suit is borrowed from the forum state's statute of limitations for personal injury suits.[4] Texas has a two-year personal injury statute of limitations.[5] The same statute of limitations applies to any wrongful death claim brought under Texas law.[6]

The accrual date of a § 1983 cause of action is determined by federal law.[7] The general rule is that a § 1983 cause of action accrues when a plaintiff has "a complete and present cause of action" in the sense that "the plaintiff can file suit and obtain relief."[8] More specifically, the clock for statute of limitations purposes begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[9] It is undisputed that the sole event giving rise to Plaintiffs' causes of action is the death of Xavier Michael Perez on March 16, 2021.[10] The limitations period for claims arising from that event therefore expired on March 16, 2023.

Rule 15(c)(1) permits amendment of the complaint to relate back to the date of the original under certain conditions. The Fifth Circuit has specifically held, however, that substitution for a

---

[4] Wallace v. Kato, 549 U.S. 384, 387 (2007).

[5] TEX. CIV. REM. & PRAC. CODE 16.003(a).

[6] Enserch Corp. v. Parker, 794 S.W.2d 2, 4 (Tex. 1990).

[7] Wallace, 549 U.S. at 388.

[8] Id. (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. Of Cal., 522 U.S. 192, 201 (1997); Rawlings v. Ray, 312 U.S. 96, 98 (1941)).

[9] Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008) (internal citations and quotation marks omitted).

[10] Doc. 12 at 6-12.

"John Doe" defendant does not relate back to the original complaint for limitations purposes.[11] Invocation of Rule 15(c) requires a "mistake concerning the identity of the proper party," while proper use of a "Doe" moniker concerns not mistaken, but unknown identity.[12] Rule 15(c) therefore does not permit any post-limitations naming of a "Doe," and any amendment to do so would be futile.[13]

The doctrine of equitable tolling may preserve claims when strict application of the statute of limitations would be inequitable.[14] "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations."[15] This Court has found, in line with Fifth Circuit precedent, that where a plaintiff filed suit two days before the end of the limitations period, the plaintiff forewent discovery mechanisms to discover the identity of a "Doe," and therefore equitable tolling was not justified.[16] This suit also was filed two days before limitations ran, and Plaintiffs similarly have no justification to invoke the doctrine of equitable tolling.[17]

---

[11] Jacobsen v. Osborne, 133 F.3d 315, 320-21 (5th Cir. 1998).

[12] Id.

[13] Whitt v. Stephens Cnty., 529 F.3d 278, 282-83 (5th Cir. 2008) (citing Jacobsen, 133 F.3d at 320-21).

[14] Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995).

[15] Id. at 299.

[16] Bond v. Nueces Cnty., No. 2:19-CV-043, 2019 WL 13221678, 2019 U.S. Dist. LEXIS 245928 (S.D. Tex., Dec. 23, 2019) (citing Jacobsen, 133 F.3d at 321 and Balle v. Nueces Cnty., 690 Fed. App'x 847, 851 (5th Cir. 2017)).

[17] See Doc. 1-2 at 2.

The Court should also take note that Plaintiffs clearly know who "John Doe" is, or at least could readily identify him. The original complaint describes in detail his employer, the nature of his employment, and his authorship of a specific report.[18] Plaintiffs have never claimed to be unaware of who this individual is, but have simply chosen, unilaterally, not to name or serve him. This is in violation of Rule 4(m), and the Court should exercise its authority to dismiss all claims against "John Doe" accordingly.

Plaintiffs have chosen not to identify or serve the lone remaining defendant in this case, and the limitations period expired over 9 months ago. Any attempt to amend and identify this defendant would be futile, because such amendment would be out of time, would not relate back to the original complaint, and equitable tolling would not be justified. Defendant therefore urges the Court to exercise its authority to dismiss all remaining claims for want of prosecution. With all claims in this case dismissed, Defendant requests, pursuant to Rule 58(d), that this Court enter final judgment.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

---

[18] Id. at 4-5.

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628
Southern District No. 1021745
Christopher.Lindsey@oag.texas.gov

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 936-2109 (Fax No.)

**ATTORNEYS FOR McCRAW**

### CERTIFICATE OF CONFERENCE

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that I have conferred with all other parties concerning this filing. The Brazoria County Defendants are UNOPPOSED, and Plaintiffs are OPPOSED to the relief requested.

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been electronically served on all parties on this 9th day of January, 2024.

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General